[No. 81720-1. En Banc.]
Argued October 13, 2009. Decided January 21, 2010.

*In the Matter of the Welfare of* C.S.[†]

---

[†] For purposes of this opinion, the minor child's initials are used in place of his name.

*Lila J. Silverstein* (of *Washington Appellate Project*), for petitioner.

*Robert M. McKenna, Attorney General,* and *Sheila M. Huber* and *Stephen H. Hassett, Assistants,* for respondent.

¶1 SANDERS, J. — We are asked to decide whether termination of the parent-child relationship was permissible under RCW 13.34.180 where a child was taken from the custody of his mother due to the mother's substance abuse; the mother corrected her substance abuse problems; but her parental rights were still terminated based upon her alleged inability to address the special needs of her child with ADHD (attention deficit hyperactivity disorder), for which the State offered her no services.

¶2 The Court of Appeals affirmed. *In re Welfare of C.S.,* noted at 144 Wn. App. 1020 (2008). Although the mother was willing and able to participate in training, the State did not offer it. Because RCW 13.34.190 requires the State to do so, we reverse the trial court's order terminating the mother's parental rights.

## FACTS AND ANALYSIS

██ ██ ¶3 C.S. was born on October 5, 1999 to Amy Sampey (formerly Amy Singleton) and Kelly Singleton. Due to substance abuse Ms. Sampey ceased taking care of C.S. on September 5, 2002, and a trial court found C.S. dependent on November 5, 2002. A child is dependent when he or she is abandoned, abused, neglected, or otherwise endangered for lack of a suitable caregiver. *See* RCW 13.34.030(6). "A dependency is a period during which parents have an opportunity to correct parental deficiencies." *In re A.W.,* 53 Wn. App. 22, 28, 765 P.2d 307 (1988); *see also* RCW 13.34.020, .025(1), (2)(a).

¶4 During C.S.'s dependency the State provided Ms. Sampey with services to address her only identified paren-

tal deficiency, substance abuse. Numerous attempts to treat her substance abuse failed, but in November 2004 she entered and successfully completed a substance abuse treatment program.[1] She has remained sober since that time, verified by urine samples twice a week, and actively and regularly attends Alcoholics Anonymous, Narcotics Anonymous, and an outpatient program. The State did not identify any additional parental deficiencies as a basis to continue the dependency nor did it offer additional remedial services. Yet the State did not seek to reunite Ms. Sampey with C.S., even though she had overcome her identified parental deficiency.

¶5 Instead the State filed a termination petition on November 8, 2005, asserting Ms. Sampey's substance abuse was a parental deficiency warranting termination. This is extraordinary considering Ms. Sampey had been sober for the year preceding that petition. *See In re A.W.*, 53 Wn. App. at 28 ("Only if it is determined that the efforts to cure parental deficiencies have been unsuccessful and additional services will not remedy those deficiencies in the foreseeable future, will a termination petition be filed."); *see also In re Welfare of H.S.*, 94 Wn. App. 511, 523, 973 P.2d 474 (1999) ("The issue at termination is *current* unfitness.").

¶6 A biological parent has fundamental liberty and privacy interests in raising his or her child, and the State can infringe upon those interests only when the parent is endangering the child's physical or emotional welfare. *See In re Welfare of Sumey*, 94 Wn.2d 757, 762, 621 P.2d 108 (1980); *see also In re Custody of Smith*, 137 Wn.2d 1, 20, 969 P.2d 21 (1998) ("Short of preventing harm to the child, the standard of 'best interest of the child' is insufficient to serve as a compelling state interest overruling a parent's fundamental rights."), *aff'd sub nom. Troxel v. Granville*, 530 U.S.

---

[1] While battling her substance abuse Ms. Sampey had a second son, D.A., with her boyfriend, Robert Auxier. D.A. was removed from Ms. Sampey's care in May 2004. She regained custody of him in 2005 and has raised him since that time. The dependency action for D.A. has since been dismissed because Ms. Sampey has remained sober and adequately cares for him.

57, 68, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000) ("[T]here is a presumption that fit parents act in the best interests of their children."). The United States Constitution mandates that the State can completely and irrevocably sever the rights of a parent to his or her natural children only where the parent's unfitness has been shown by "at least clear and convincing evidence." *Santosky v. Kramer*, 455 U.S. 745, 747-48, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982).

¶7 To satisfy this mandate Washington's termination statute requires certain statutory factors be proved by clear, cogent, and convincing evidence before termination may be considered. *See* RCW 13.34.180(1), .190(1)(a); *In re Dependency of K.R.*, 128 Wn.2d 129, 141-42, 904 P.2d 1132 (1995). Two of the factors the State must prove are that the State has provided all necessary services, reasonably available, capable of correcting the parental deficiencies, RCW 13.34.180(1)(d), and that there is little likelihood that conditions will be remedied so that the child can be returned to his or her parent in the near future, RCW 13.34.180(1)(e).

¶8 At this termination hearing the trial court concluded Ms. Sampey had remedied her substance abuse and any "psychological incapacity [or] mental deficiency." Clerk's Papers at 47, para. 2 (Trial, Findings of Fact, Conclusions of Law and Ruling) (addressing RCW 13.34.180(1)(e)). However, it also concluded she lacked "the patience, presence of mind, skills, experience, time in a day, and availability to care for [C.S.] – given his special needs," and these conditions showed there was little likelihood C.S. could be returned to Ms. Sampey in the near future. *Id.* para. 3. The trial court terminated Ms. Sampey's parental rights.

¶9 C.S. has been diagnosed with ADHD, oppositional-defiant disorder, obsessive-compulsive disorder, and sensory integration disorder, and these conditions make him difficult to manage at times. Ms. Arlette Porter, his foster parent, had difficulties addressing C.S.'s conditions until the State provided her training on how to effectively deal

with them and C.S. was put on medication. This combination of training and medication has shown great success.

 ¶10 The State did not offer Ms. Sampey this training.[2] RCW 13.34.180(1)(d) requires "all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been expressly and understandably offered or provided."[3] Since this training, deemed necessary to address C.S.'s behavioral problems, was not offered to Ms. Sampey, termination of her parental rights was not warranted (even if this court assumes arguendo, as the State asserts, that Ms. Sampey's inexperience in addressing C.S.'s conditions can serve as a basis for termination).[4] *See* RCW 13.34.180(1)(d), .190(1)(a). The termination order must be reversed.

---

[2] The State argues doing so would have been futile due to her substance abuse and mental health problems. "Where the record establishes that the offer of services would be futile, the trial court can make a finding that the Department has offered all reasonable services." *In re Welfare of M.R.H.*, 145 Wn. App. 10, 25, 188 P.3d 510 (2008) (citing *In re Welfare of Ferguson*, 32 Wn. App. 865, 869-70, 650 P.2d 1118 (1982), *rev'd on other grounds*, 98 Wn.2d 589, 656 P.2d 503 (1983)). However, Ms. Sampey had been sober for 22 months by the time of the termination hearing and the trial court concluded she had no lingering deficiency from substance abuse or mental health issues that would preclude her from *caring* for C.S., much less successfully completing training to do so.

[3] The trial court characterized Ms. Sampey's alleged inability to address C.S.'s special needs not as a "parental deficiency" under RCW 13.34.180(1)(d), but as a "condition" preventing reunion under RCW 13.34.180(1)(e). The State is charged with reuniting families where possible, *see* RCW 13.34.020, and with providing necessary services to achieve that goal, *see* RCW 13.34.180(1)(d). When a "condition" precludes reunion of parent and child, as here, regardless of whether it can be labeled a "parental deficiency," the State must provide any necessary services to address that condition as set forth in RCW 13.34.180(1)(d). Otherwise the State could avoid providing services to preserve the family unit simply by classifying a parental shortcoming as a "condition" instead of a "parental deficiency."

[4] Ms. Sampey raises an additional argument we need not reach here, that a need for outside help to address C.S.'s special needs cannot be a "condition" or "parental deficiency" on which to base termination. *See* Suppl. Br. of Pet'r at 19-20.

## CONCLUSION

¶11 Termination was improper under RCW 13.34-.180(1)(d). We reverse the Court of Appeals and dismiss this termination proceeding.

C. JOHNSON, ALEXANDER, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., and COLEMAN, J. PRO TEM., concur.

MADSEN, C.J., and CHAMBERS, J., concur in the result only.