

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | |
| DEPENDENCY OF | ) | No. 36723-1-III |
| | ) | (Consolidated with |
| O.R., | ) | No. 36724-0-III, |
| B.W., | ) | No. 36725-8-III, |
| O.S., | ) | No. 36726-6-III) |
| C.R. | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

KORSMO, J. — Two parents appeal from the termination of their rights following a

30 month dependency. We affirm.

FACTS

There were four special needs children born to appellant K.R., the youngest of

whom (O.S.) was fathered by appellant K.S.[1] Referrals to DSHS[2] concerning the

_____

[1] The father of the other children relinquished his rights mid-trial and is not a party
to this appeal.

[2] Department of Health and Human Services. DSHS changed its name in July 2018,
to the Department of Children, Youth, and Families. We refer to the agency as DSHS in
this opinion.

No. 36723-1-III (Consol. with Nos. 36724-0-III, 36725-8-III, 36726-6-III)
*In re Dep. of O.R., B.W., O.S., C.R.*

children began in 2014 and DSHS provided services to the family in 2015 and 2016. In March 2016, the children were voluntarily removed from the mother's care in order to allow for house cleaning and to permit K.R. to seek mental health and medical treatment.

When K.R. failed to follow through, the children were removed the following month through a shelter care order. A dependency order issued in August 2016. K.R. was required to participate in UA/BAs with clean results for 30 days, complete a parenting assessment, receive mental health treatment, engage in regular visits, and keep in contact with social workers. K.S. was required to complete a chemical dependency evaluation/treatment, take part in UA/BA testing with clean results for 30 days, complete a psychological evaluation (DV assessment if recommended), complete a parenting assessment, and keep in contact with DSHS.

At the six month planning review, the court determined that K.R. had provided a few UA samples but had not undergone the chemical dependency assessment; she had completed the psychological/mental health assessment but had not followed through on recommended treatment, nor had she completed appropriate parenting training. K.S. had completed the chemical dependency and psychological assessment with recommendations for more services. His testing showed use of methamphetamine, but he denied use of the substance, and he refused to attend further testing or engage in

2

treatment. He did complete the parenting assessment, but problems noted there went untreated.

Although they attended most assessments, neither parent engaged in treatment, leading DSHS in February 2018, to file termination petitions. The matter was tried over six days beginning in early September and concluding in late October 2018, with the court announcing its ruling terminating the parent-child relationships on November 9. Written findings were entered and both K.R. and K.S. appealed to this court.

A panel considered the consolidated appeals without conducting argument.

ANALYSIS

Both parents argue that DSHS did not provide all necessary services.[3] K.S. contends that he successfully engaged in some services and would have succeeded at the others. K.R. argues that additional services recommended by her evaluators should have been offered to her. Neither contention is meritorious.[4]

---

[3] Each also argues that the termination ruling was "premature" because necessary services were not provided. In light of our contrary conclusion, we need not address this derivative claim.

[4] Each parent also assigns error to related findings of fact concerning services offered. Their arguments do not explain why the evidence supporting the findings was insufficient and, instead, simply assert the evidence supporting their view of the case. The pro forma nature of these arguments does not require us to discuss the evidence supporting the findings in any detail.

No. 36723-1-III (Consol. with Nos. 36724-0-III, 36725-8-III, 36726-6-III)
*In re Dep. of O.R., B.W., O.S., C.R.*

In order to terminate the parent-child relationship, the State must first establish the six elements of RCW 13.34.180(1).[5]  These factors must be established by clear, cogent, and convincing evidence.  RCW 13.34.190(1)(a)(i).  The trial court then must likewise find by that same standard that the parent is currently unfit.  *In re Welfare of A.B.*, 168 Wn.2d 908, 918, 232 P.3d 1104 (2010).  "'Clear, cogent, and convincing' means highly probable."  *In re Welfare of M.R.H.*, 145 Wn. App. 10, 24, 188 P.3d 510 (2008).  The trial court's findings are entitled to great deference on review and those findings will be upheld when supported by substantial evidence.  *In re Dependency of K.S.C.*, 137 Wn.2d 918, 925, 976 P.2d 113 (1999).  Substantial evidence is that sufficient to persuade a fair-minded, rational person of the truth of the evidence.  *World Wide Video, Inc. v. City of Tukwila*, 117 Wn.2d 382, 387, 816 P.2d 18 (1991).  "Because the trial court has the opportunity to hear the testimony and observe the witnesses, its decision is entitled to deference."  *In re Welfare of S.J.*, 162 Wn. App. 873, 881, 256 P.3d 470 (2011).

---

[5] The State must present evidence establishing that (1) the child has been found to be dependent, (2) the court has entered a dispositional order, (3) the child has been removed from the custody of the parent for at least six months, (4) all the necessary services have been afforded to the parent to correct the parental deficiencies, (5) there is little likelihood of remedying the parental deficiencies, and (6) continuation of the parent-child relationship clearly diminishes the child's prospects of permanent placement.  RCW 13.34.180(1).

No. 36723-1-III (Consol. with Nos. 36724-0-III, 36725-8-III, 36726-6-III)
*In re Dep. of O.R., B.W., O.S., C.R.*

The fourth statutory factor is the one at issue in this appeal:

That the services ordered under RCW 13.34.136 have been expressly and understandably offered or provided and all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been expressly and understandably offered or provided.

RCW 13.34.180(1)(d). A service is "necessary" if it is needed to address a condition that precludes reunification of the parent and child. *In re Welfare of C.S.*, 168 Wn.2d 51, 56 n.3, 225 P.3d 953 (2010).

Because RCW 13.34.180(1)(d) limits the services required to those capable of remedying parental deficiencies in the "foreseeable future," a trial court can find that DSHS offered all reasonable services where "the record establishes that the offer of services would be futile." *M.R.H.*, 145 Wn. App. at 25. In addition, when a parent has unique needs, DSHS must offer services tailored to meet those unique needs. *In re Welfare of Hall*, 99 Wn.2d 842, 850, 664 P.2d 1245 (1983). DSHS, "however, is not required to offer services when a parent is unable to benefit from the services." *S.J.*, 162 Wn. App. at 881. The provision of services is futile where a parent is unwilling or unable to participate in a reasonably available service that has been offered or provided. *Matter of K.M.M.*, 186 Wn.2d 466, 483, 379 P.3d 75 (2016); *In re Welfare of Aschauer*, 93 Wn.2d 689, 699 n.6, 611 P.2d 1245 (1980). Both of these types of "futility" are present in this case.

5

K.S. argues that because he attended the assessments and a parenting class, but was not offered additional informational classes suggested by the evaluators, he was not provided all necessary services. None of those classes were required by the terms of the dependency. More fundamentally, K.S. did not engage in the court-ordered treatment for his chemical dependency. That service was a mandatory condition of the dependency action. Chemical dependency and domestic violence were the deficiencies preventing K.S. from parenting his child. His parenting skills were not at issue.

K.R. similarly argues that she was not provided all necessary services, pointing to lack of in-home support and concurrent services. DSHS points out that in-home services were not necessary (or even available) until K.R. was able to again care for the children in her home. The other services were repeatedly offered to her, with the exception of a parenting class that could not be attempted until K.R. sought mental health treatment that would permit her to benefit from the class.

The trial court expressly found:

> It would be futile to offer parenting education, which involves education of basic hands on parenting skills to [K.S.] and [K.R.]. Neither of them have taken advantage of the necessary services available to them to address their chemical dependency and mental health issues. * * * [K.R.] admits that she hasn't completed her services, in fact she has demonstrated a complete disengagement in services.

Clerk's Papers at 651-652 (finding 5.38). Although both parents challenge the first portion of this finding, the record amply supports it. The court found that both parents do

6

not even acknowledge or understand why the children were removed from their custody. *Id*. at 651. It would be futile to offer any parenting service until the parents address the mental health difficulties that impair their basic understanding of the circumstances. Nor had they addressed the chemical dependency issues that were ruling their lives. Despite numerous referrals for both types of services, K.R. simply disengaged. Similarly, K.S. denied the existence of a methamphetamine problem and refused to engage in any related services.

Additional parenting classes simply would not address the fundamental problems facing the parents. Their respective refusals to enter into mental health treatment and undertake chemical dependency treatment made additional services meaningless. And their refusal to engage in those fundamentally necessary treatment programs, after several years of efforts to encourage them to do so, meant that there was no reason to believe that continuing the dependency was going to change the status quo. The parents were standing still in place and were not making any effort to progress.

The trial court concluded that requiring additional services was a futile gesture when the parents refused to engage in the treatment services mandated by the dependency order. Further proceedings were useless. The trial court correctly determined both that it was time to end the relationships and that it was in the best interest of the children to do so.

No. 36723-1-III (Consol. with Nos. 36724-0-III, 36725-8-III, 36726-6-III)
*In re Dep. of O.R., B.W., O.S., C.R.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, C.J.